IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER EMMETT CLINE,**

  **Petitioner,**

  v.             **CIVIL ACTION NO. 1:03CV268**
                  **(Judge Stamp)**

**WARDEN, WILLIAM FOX,**

  **Respondent.**

## REPORT AND RECOMMENDATION / OPINION

### I. INTRODUCTION

  This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review. On December 4, 2003, the *pro se* petitioner, Roger Emmett Cline ["Cline"], filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. Because it appeared Cline's petition may be untimely, on January 27, 2004, the Court provided him with notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir.2002) advising him to explain why his petition was not barred by the statute of limitations. On February 19, 2004, Cline filed a response to the Court's January 27, 2004 Order.

### II. FACTS

  On February 14, 1992, Cline was convicted in the Circuit Court of Greenbrier County of first degree murder. He was sentenced to life with mercy. He appealed his conviction and sentence to the West Virginia Supreme Court of Appeals. His petition for appeal was refused on October 7, 1992. On January 12, 1995, Cline filed a petition for habeas corpus in the Circuit Court of Greenbrier County. It was denied on July 1, 1999. Cline filed a petition for appeal which was

refused on March 8, 2000. Cline took no further action until December 16, 2002, when he filed a second habeas petition in the Circuit Court of Greenbrier County.

Cline states he filed his second state habeas petition because his counsel in his first case left a lot of grounds out of his first habeas petition, and he wanted to present the additional grounds to federal court. He also alleges that after his first habeas petition was denied he discovered evidence regarding grounds 12, 22 and 24 [1] that could not have been previously discovered through the exercise of due diligence.

According to Cline, his second habeas petition is still pending in state court regarding the new grounds which he discovered, and the statute of limitations should not begin until the Supreme Court addressed the issues he raised in his second habeas petition.

Additionally, in a letter received by the Court on October 7, 2004, Cline indicated that he was willing to take a polygraph test and that his co-defendants have received a break in this crime. On January 19, 2005, the Court received a letter from Cline in which he states that the circuit court had denied his motion for transcripts of the parole hearing because of security concerns. Cline asks how it could be a security issue for him to have the transcripts when he was present for the hearing. Cline wants the transcripts to demonstrate that the victim's mother had a friend on the jury (see Ground 24). However, the transcripts of the parole hearing are not necessary for the undersigned to issue a Report and Recommendation on Cline's §2254 petition.

## II. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was

---

[1] The petitioner did not include a Ground 24 in his §2254 petition. Instead, he attached to his response to the Hill v. Braxton notice a Ground 24.

2

enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[2]

Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

According to Cline's petition, he was convicted on February 14, 1992, of first degree murder in the Circuit Court of Greenbrier County. He filed a petition for appeal from his conviction and sentence which the West Virginia Supreme Court of Appeals refused on October 7, 1992. Cline did not file a petition for writ of certiorari. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so--90 days-

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

-has elapsed. Braxton, 277 F. 3d at 705. Thus, Cline's conviction became final 90 days later on January 5, 1993. Because his conviction became final prior to the effective date of AEDPA, Cline had until April 24, 1997, to file a §2254 petition. Hernandez, 225 F. 3d at 439.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris, 209 F. 3d at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In his response to the Hill v. Braxton notice, Cline indicates that on January 12, 1995, he filed a petition for habeas corpus in the Circuit Court of Greenbrier County. It was denied on July 1, 1999. Cline filed a petition for appeal which was refused on March 8, 2000. Thus, Cline had one year from March 8, 2000, or until March 9, 2001 to file his §2254 petition. However, he did not do so until December 4, 2003, outside the statute of limitations. Therefore, the petitioner's §2254 petition is untimely. Further, the fact that the petitioner has another habeas petition pending in state court does not toll the statute of limitations because the second habeas petition was not filed until December 16, 2002, after the statute of limitations had expired.

In an attempt to avoid having his petition dismissed on statute of limitations grounds, Cline asserts that three of his grounds are not barred because he could not have previously discovered with due diligence evidence supporting grounds 12, 22 and 24.

28 U.S.C. §2244(d)(1)(D) provides that the statute of limitations begins from "the date on

4

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Thus, the undersigned has examined whether Grounds 12, 22 and 24 are timely under 28 U.S.C. §2244(d)(1)(D).

In Ground 12, the petitioner states as follows:

> Denied the right to have the trial court, and the prosecutor to act without prejudice? The trial court stated in petitioner's trial that his testimony from the former trial and testimony from his trial were conflicting with each other. Then later in a court order denying a writ of habeas corpus the trial court stated that both petitioner's testimonies were consistent with each other.
> Also in the prosecutor's response to the writ of habeas corpus, the prosecutor stated that petitioner's testimonies were essentially the same. Then a few pages over stated that there was many inconsistent statements.

The alleged claims are all matters of record existing and therefore discoverable as of the denial. Thus, Ground 12 is untimely.

In ground 22 the petitioner states as follows:

> The prosecutor engaged in misconduct. The prosecution improperly drew "reasonable" inferences from evidence that was improperly admitted. The petitioner points out the following passages from the prosecutor's closing argument that referred directly to the inadmissable testimony stated in the prosecution's case in chief.

This ground was discoverable by the closing of Cline's trial. Thus, this claim is also barred by the statute of limitations.

Last, in Ground 24 the petitioner states as follows:

> Improper juror: The victim's mother (Janet McQuaid) made a speech to the parole board where she said that she had a friend that was on petitioner['s] jury. Also, that this friend of hers said the only reason why they give petitioner life with mercy is because the jury felt sorry for petitioner because of petitioner's low I.Q.

Cline asserts that he did not know there was an "improper juror" on the jury until his parole

5

hearing. The petitioner has not advised the Court when his parole hearing was held or the name of the alleged improper juror. Thus, this claim is barred by the statute of limitations. In addition, the allegation asserts the victim's mother made the statement at the parole board proceeding. This must necessarily have been some considerable time post trial. Petitioner does not allege when the mother allegedly befriended or was befriended by the juror. It is conceivable that such friendship developed after the trial and jury conviction.

 B. **Equitable Tolling**

The time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The doctrine of equitable tolling has been applied in two generally distinct situations. First, it has been applied in situations where the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. Id. at 330. Second, it has been applied in situations where extraordinary circumstances beyond the plaintiff's control have made it impossible to file the claims on time. Id.

Cline asserts that the statute of limitations should be tolled because the prison library is outdated and he cannot find a "2000 "case. He further asserts that he can not receive any assistance from the law clerk's in the library because they are not trained.

The alleged inadequacy of the law library does not toll the statute of limitations. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)( Mere allegations that the law library was inadequate do not toll the statute of limitations.) See also Lewis v. Casey, 518 U.S. 343, 351 (1996)(because inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's

6

law library or legal assistance program.)

Thus, the lack of assistance and a library that does not contain 2000 cases do not justify tolling. Because the statute of limitations expired on March 9, 2001, and there is no event which tolled the statute of limitations, the undersigned recommends that the petitioner's §2254 petition be denied as untimely.

### IV. RECOMMENDATION

It is recommended that Cline's §2254 petition be DENIED and DISMISSED WITH PREJUDICE because the petition is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[3]

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

Dated: April 25, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

7