IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER EMMETT CLINE, JR.,

    Petitioner,

v.                                     Civil Action No. 1:03CV268
                                                (STAMP)
WILLIAM M. FOX, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Procedural History

On December 4, 2003, *pro se* petitioner, Roger Emmett Cline, Jr. ("Cline"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2254. This Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.

On January 27, 2004, the magistrate judge entered an order directing the petitioner to demonstrate to the court that his § 2254 petition was timely filed. The petitioner responded on February 19, 2004. The petitioner then entered a memorandum of supporting facts on January 12, 2005 and the magistrate judge received a letter from the petitioner alleging that there was an improper juror on his panel.

On April 27, 2005, the magistrate judge entered a report recommending that the petitioner's petition be denied and dismissed with prejudice because it was untimely. On May 4, 2005, the

petitioner filed a timely objection to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

On February 14, 1992, the petitioner was convicted of first degree murder in the Circuit Court of Greenbrier County, West Virginia, and sentenced to life with mercy. The petitioner's appeal was refused by the West Virginia Supreme Court of Appeals on October 7, 1992 and the petitioner filed a petition for habeas corpus in the Circuit Court of Greenbrier County on January 12, 1995. This petition was denied on July 1, 1999, and an appeal was refused on March 8, 2000. The petitioner filed a second habeas petition in the Circuit Court of Greenbrier County on December 16, 2002, which the petitioner alleges is still pending.

III. Discussion

In his objection to the magistrate judge's report and recommendation, the petitioner does not object to his federal habeas petition being denied for failure to exhaust his state habeas petition. However, the petitioner objects to the recommendation that his petition be denied with prejudice. The petitioner argues that he should have an opportunity to bring a federal habeas petition once his state petition is exhausted.

This Court finds that the magistrate judge correctly determined that the petitioner's first degree murder conviction became final on January 5, 1993.[1] As the magistrate judge notes, the conviction became final prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and therefore, the petitioner had until April 24, 1997 to file a § 2254 petition. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). The petitioner filed his first state habeas on January 12, 1995, the appeal of which was not denied until March 8, 2000. Even if the petitioner's statute of limitation did not begin to run until March 9, 2001, the petitioner's current federal habeas petition will still be untimely as it was not filed until December 4, 2003.

---

[1] As the magistrate judge points out, the petitioner's appeal with the West Virginia Supreme Court of Appeals was refused on October 7, 1992 and the petitioner did not seek a writ of certiorari with the United States Supreme Court. Because he had 90 days in which to seek such a writ, the statute of limitations began to run 90 days from the date his appeal was refused. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

3

The magistrate judge continued in his report and recommendation to explain that neither newly discovered facts nor equitable tolling could save the petitioner's federal habeas cause of action. First, this Court agrees with the magistrate judge's finding that the petitioner's alleged claims were matters of record which were discoverable. Further, this Court agrees that the petitioner's assertion that there was an improper juror does not toll the statute of limitations. Second, this Court agrees with the magistrate judge in rejecting the petitioner's contention that equitable tolling should apply because the prison library lacked up-to-date resources or knowledgeable law clerks. See Miller v. New Jersey Dep't of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims but has in some "extraordinary way" been prevented from asserting his rights). Because the petitioner's federal habeas filing is untimely, the petitioner's argument that his petition should only be denied without prejudice pending exhaustion of remedies under a state habeas petition filing is without merit.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objection to the report and recommendation lacks merit, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's

§ 2254 motion is DENIED with prejudice.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 23, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE